◼ CROMPTON-RICHMOND CO., INC., FACTORS, Appellant, v. RAYLON FABRICS, INC., Defendant and Third-Party Plaintiff-Respondent. JAMES TALCOTT, Third-Party Defendant-Appellant; STEINEX, INC., Third-Party Defendant. — Order entered December 9, 1968, unanimously modified on the law to dismiss defendant's setoff and counterclaim and to dismiss the third-party complaint as against appellant Talcott, and otherwise affirmed, without costs or disbursements. We agree with Special Term that defendant has advanced sufficient facts to raise an issue as to whether it or Raylon Corporation, a separate entity not sued herein, was the purchaser of the goods the price of which plaintiff sues for. Hence so much of the order as denies plaintiff's application for summary judgment is affirmed. The subject matter of the setoff and counterclaim is another sale of goods by the same seller some four months prior to the sale involved in the complaint. Admittedly the invoices for these goods were assigned to plaintiff and paid by the defendant. The pleading is designedly vague as to whether defendant or Raylon Corporation was the purchaser from plaintiff's assignor. For the purposes of this motion we will consider both alternatives. The defense alleges that defendant sold these goods to Raylon Corporation who in turn sold them, prior to delivery to Steintex, Inc., and notified plaintiff's assignor to ship the goods to Steintex. Defendant, or Raylon Corporation, assigned the invoices of the Steintex sale to Talcott, who credited them or one of them with the appropriate amount of invoices. Later Talcott informed defendant that Steintex denied receipt of the goods and that it, Talcott, was charging back the prior advances on the invoices. Defendant concedes that Talcott under its factoring agreement with it had the absolute right to do just as it did whenever one of defendant's customers based a refusal to pay on a contention that delivery had not been made. Under the circumstances it is difficult to see how this third-party defendant could be under any liability to defendant and no grounds are suggested. As

far as a setoff is concerned, this could be only by way of counterclaim. For the purposes of this branch of the motion we can bypass the confusion as to who was the purchaser and regard the transaction in the light most favorable to the defendant, namely, that it was the purchaser, it paid plaintiff, and its seller failed to deliver the goods. A purchaser who has paid a factor for the seller (which factor has a security interest in the invoice) has no claim against the factor for the seller's default; he can look to the seller only (*McCullen Leavens Co.* v. *Van Buskirk Co.*, 275 App. Div. 701). Nor can a claim against the factor be based on payment due to a mistake if the alleged mistake is that the buyer believed the seller would perform or had performed (*Iselin-Jefferson Fin. Co.* v. *Makel Textiles*, 21 A D 2d 758). Concur — Capozzoli, J. P., Tilzer, McGivern, Nunez and Steuer, JJ.